UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS G. SHIRK, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Case No. 1:07-CV-00356-RMU |
| ) | |
| MARK GARROW, et al., ) | |
| ) | |
| Defendants/Counter-Plaintiffs. ) | |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendants, Mark Garrow and Gail Garrow ("Garrows" or "Defendants"), by counsel, hereby file their Answer, Affirmative Defenses and Counterclaim to Plaintiff Thomas G. Shirk's ("Shirk" or "Plaintiff") Complaint for Declaratory Relief and For Damages, and allege and aver as follows:

### ANSWER AND DEFENSES

#### FIRST DEFENSE

The complaint fails to state a claim against Defendants upon which relief can be granted.

#### SECOND DEFENSE

Defendants admit that they are subject to the jurisdiction of this Court as alleged in paragraph 1 of the Vomplaint; admit that the Defendants are husband and wife and are adult residents of the state of Florida as alleged in paragraph 3 of the Complaint; admit that the Defendants entered into a contract with Plaintiff for the sale of real estate located at 2016 R Street, NW, Washington, D.C. 20009; allege that they are without information to form a belief as to the truth of the allegations contained in paragraphs 2 and 11, and therefore deny these

allegations; deny as phrased the allegations contained in paragraphs 4, 5, 6, 7, 8, and 9; admit that Defendants executed an Agreement of Partial Release dated August 5, 2004, but deny the remaining allegations contained in paragraph 10 of the Complaint; deny as phrased the allegations contained in paragraphs 12 and 13 of the Complaint; deny any allegations containing legal conclusions and/or interpretations or characterizations of the terms of agreements, which speak for themselves; deny the allegations contained in any headings, the prayer for relief and ad damnum contained in the Complaint; and deny each and every other allegation contained in the Complaint, not specifically admitted in this Second Defense.

### THIRD DEFENSE

Plaintiff's alleged claims are barred, in whole or in part, by setoff, recoupment and counterclaim.

### FOURTH DEFENSE

Plaintiff's alleged claims are barred, in whole or in part, by misrepresentations made by Plaintiff and/or his authorized agents.

### FIFTH DEFENSE

Plaintiff's alleged claims are barred, in whole or in part, by waiver, estoppel and unclean hands.

### SIXTH DEFENSE

Plaintiff's alleged claims are barred, in whole or in part, by mistake related to the appraised value of the real property that is the subject matter of this civil action.

### SEVENTH DEFENSE

Plaintiff's alleged claims are barred, in whole or in part, by his failure to mitigate damages.

EIGHTH DEFENSE

Plaintiff's alleged claims are barred, in whole or in part, by his failure to satisfy the title, statutory and closing obligations of the contract.

NINTH DEFENSE

Plaintiff's alleged claims are barred, in whole or in part, by the applicable statute of frauds.

TENTH DEFENSE

Plaintiff's alleged claims are barred, in whole or in part, by the applicable statute of limitations.

ELEVENTH DEFENSE

Defendants reserve the right to assert any and all additional defenses to Plaintiff's Complaint based upon discovery and/or which may arise during the course of this litigation, up to and including through the conclusion of trial.

**WHEREFORE**, Mark and Gail Garrow respectfully request that this Court dismiss the Plaintiff's Complaint for Declaratory Relief and For Damages and award the Defendants their costs and attorney's fees incurred in this matter, and grant such further and additional relief as this Court deems just and proper.

## COUNTERCLAIM

Defendants/Counter-Plaintiffs, Mark and Gail Garrow ("Garrows"), counterclaim against Plaintiff/Counter-Defendant Thomas G. Shirk ("Shirk"), and allege and aver as follows:

1. This Counterclaim arises out of the same transaction or occurrence that is the subject matter of Shirk's alleged claim against the Garrows.

2.  The Garrows entered into a contract with Shirk for the sale of real estate in the District of Columbia located at 2016 R Street, NW, Washington, D.C. 20009 (the "Property").

3.  The Garrows satisfied their obligations under the contract, exercised their rights under the contract, and requested a return of their deposit.

4.  Shirk breached his obligations under the contract by, among other things, refusing and failing to execute a release of the deposit to the Garrows.

5.  As a direct result of Shirk's breaches of the contract, the Garrows have been damaged in the principal sum of at least $125,000.00, plus pre-judgment interest, costs, and attorney's fees.

**WHEREFORE**, Mark and Gail Garrow demand judgment in their favor against Shirk in an amount of at least $125,000.00, together with pre- and post-judgment interest, costs of suit, reasonable attorney's fees and such other relief as the Court deems just and equitable.

<u>**JURY DEMAND**</u>

*DEFENDANTS HEREBY REQUEST A JURY FOR ALL ISSUES SO TRIABLE.*

Respectfully submitted,

**MARK GARROW
GAIL GARROW**

Dated: April 23, 2007        By:  _____
Daniel J. Kraftson (DC Bar No. 948034)
Lowell H. Patterson, III (DC Bar No. 462008)
Brad C. Friend (DC Bar No. 490430)
KRAFTSON CAUDLE LLC
1600 Tysons Boulevard, Suite 250
McLean, Virginia 22102
(703) 873-5500 (telephone)
(703) 873-5519 (facsimile)

*Counsel for the Defendants/Counter-Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 23rd day of April, 2007, a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to Eric M. Rome, Eisen & Rome, P.C., One Thomas Circle, N.W., Suite 850, Washington, D.C. 20005, Counsel for Plaintiff/Counter-Defendant.

_____
Daniel J. Kraftson