## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS G. SHIRK,<br><br>    Plaintiff,<br><br>v.<br><br>MARK GARROW, et al.<br><br>    Defendants. | Case No. 1:07-CV-00356-RMU |
| MARK GARROW,<br>16447 Captiva Drive<br>Captiva, Florida 33924<br><br>and<br><br>GAIL GARROW,<br>16447 Captiva Drive<br>Captiva, Florida 33924<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>CELINA MOORE BARTON,<br>c/o Washington Fine Properties, LLC<br>3201 New Mexico Avenue, N.W.<br>Suite 220<br>Washington, D.C. 20016<br><br>    Third-Party Defendant. | THIRD-PARTY COMPLAINT<br>Case No. 1:07-CV-00356-RMU |

## THIRD-PARTY COMPLAINT

COME NOW Defendants/Third-Party Plaintiffs, Mark Garrow and Gail Garrow

("Garrows"), by counsel, pursuant to Rule 14 of the Federal Rules of Civil Procedure and by way

00013705/ 1099-002

of Third-Party Complaint against the Third-Party Defendant Celina Moore Barton, allege and aver as follows:

1.      Mark Garrow and Gail Garrow are residents of the state of Florida.

2.      Upon information and belief, Third-Party Defendant Celina Moore Barton is a resident of the District of Columbia.

3.      This Court has subject matter jurisdiction over this matter as there is complete diversity between the third-party plaintiffs and third-party defendant, and the amount in controversy, excluding interest and costs, exceeds the jurisdictional amount set forth in 28 U.S.C. § 1332.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(a).

5.      Plaintiff Thomas G. Shirk ("Shirk") has commenced an action arising out of a sales contract for real property located at 2016 R Street, N.W., Washington, D.C. (the "Property") against Mark Garrow and Gail Garrow in the United States District Court for the District of Columbia styled as "Complaint for Declaratory Relief and For Damages", a copy of which is attached hereto and incorporated by reference herein as **Exhibit A**.

6.      Upon information and belief, at all relevant times, Celina Moore Barton ("Barton") was a licensed real estate broker in Virginia and the District of Columbia. Ms. Barton agreed to represent the Garrows as their real estate agent related to the sales contract for the Property.

7.      While the Garrows deny that they have any liability to Shirk, in the event it is determined that the Garrows are liable to Shirk, the Garrows allege and aver that Celina Moore Barton is liable for all of Shirk's claims against the Garrows based upon statutory, contractual or common law contribution and/or indemnity.

00013705/ 1099-002

**WHEREFORE**, Mark Garrow and Gail Garrow demand judgment in their favor against the Third-Party Defendant Celina Moore Barton on all claims and damages by Thomas G. Shirk in an amount of at least $635,250.00, together with pre- and post-judgment interest, costs of suit, attorney's fees and such other relief as the Court deems just and equitable.

## JURY DEMAND

*DEFENDANTS/THIRD-PARTY PLAINTIFFS HEREBY REQUEST A JURY FOR ALL ISSUES SO TRIABLE.*

Respectfully submitted,

**MARK GARROW**
**GAIL GARROW**

Dated: April 23, 2007          By: _____

Daniel J. Kraftson (DC Bar No. 948034)
Lowell H. Patterson, III (DC Bar No. 462008)
Brad C. Friend (DC Bar No. 490430)
KRAFTSON CAUDLE LLC
1600 Tysons Boulevard, Suite 250
McLean, Virginia  22102
(703) 873-5500 (telephone)
(703) 873-5519 (facsimile)

*Counsel for the Defendants/Third-Party Plaintiffs*

00013705/ 1099-002

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April, 2007, a true copy of the foregoing was electronically filed with the Clerk of the Court, and a true copy of the foregoing was sent via U.S. mail to:  Eric M. Rome, Eisen & Rome, P.C., One Thomas Circle, N.W., Suite 850, Washington, D.C. 20005, Counsel for Plaintiff Thomas G. Shirk, and to Celina Moore Barton, c/o Washington Fine Properties, LLC, 3201 New Mexico Avenue, N.W., Suite 220, Washington, D.C.  20016.

_____
Daniel J. Kraftson

00013705/ 1099-002

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Thomas G. Shirk | : | |
| 1336 Corcoran Street N.W. | : | |
| Washington, DC 20009 | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | Civil Action No. |
| | : | |
| Mark Garrow | : | |
| 16447 Captiva Drive | : | |
| Captiva,FL 33924 | : | |
| | : | |
| and | : | |
| | : | |
| Gail Garrow | : | |
| 16447 Captiva Drive | : | |
| Captiva,FL 33924 | : | |
| | : | |
|     Defendants | : | |

# COMPLAINT FOR DECLARATORY RELIEF AND FOR DAMAGES

Plaintiff, through counsel, states the following as his Complaint:

<u>JURISDICTION</u>

1.    This Court has jurisdiction over this matter pursuant to 28 USC 1332 and D.C.

Code 13-423. The amount in controversy exceeds $75,000.

<u>PARTIES</u>

2.    Plaintiff Thomas Shirk ("Shirk") is a District of Columbia resident and was, at

all times relevant hereto, the owner of the property known as 2016 R Street N.W. (the

"Property").



EXHIBIT

A

3.      Defendants Mark Garrow and Gail Garrow ("Garrow") are husband and wife, and, upon information and belief, adult residents of the State of Florida

FACTS

4.      On April 29th, 2004, Shirk, as seller, and Garrow, as buyer, entered into a contract (the "contract") for Garrow to purchase the Property from Shirk.

5.      The contract was for the purchase price of $2,495,000, and was accompanied by a deposit of $125,000.

6.      Pursuant to the contract, the parties agreed that settlement was to occur on June 30, 2004 at 5pm.

7.      Garrow failed to appear for settlement on that date, and otherwise communicated to Shirk that they did not intend to settle under the contract, or fulfill their lawful obligations as buyer under the contract.

8.      The contract provides that should Garrow default in any obligation under the contract (such as the obligation to settle), Shirk can declare Garrow's rights under the contract to be forfeited.  The contract also provides that Shirk may elect to declare the deposit forfeited and accept that sum as liquidated damages, or Shirk may retain the deposit in escrow and sue for damages under the contract.

9.      On or about July 16, 2004, Shirk, through counsel, offered to give Garrow additional time to settle under the contract. Garrow declined that opportunity, and asserted that they were entitled to the return of the deposit.

10.      On or about August 6, 2004, the parties entered into an Agreement of Partial Release (the "Agreement"). The Agreement provided, *inter alia*, that the deposit would remain in escrow, and that Shirk would be permitted to market and sell the property to a new

purchaser. It further provided that after the property was sold, the parties would have 30 days to attempt to work out a resolution of their respective claims, after which time either party could file suit.

11.    On March 30, 2005, Shirk sold the property to another buyer for $2,050,00.

12.    On May 16th 2005, Shirk provided notice of that sale to Garrow, together with supporting documents, as required by the Agreement. Shirk calculated his actual losses resulting from Garrow's breach, and demanded payment of $635,250 as damages.

13.    The parties have been unable to resolve their differences, and Shirk is now filing suit, as permitted by the Agreement.

**WHEREFORE**, it is requested that this Court

1.    Declare that Garrow breached the contract and that the deposit may be forfeited to Shirk as partial satisfaction of the damages incurred as a result of the breach;

2.    Award Shirk total damages in the amount of at least $635,250;

3.    Award Shirk his costs and attorney's fees; and

4.    Award such other and further relief as may be deemed just and proper.

Respectfully submitted,

**Eric M. Rome, #367241**
Eisen & Rome, PC
One Thomas Circle, NW
Suite 850
Washington, DC 20005
(202) 659-2822x4