IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS G. SHIRK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:07-CV-00356-RMU |
| v. ) | |
| ) | |
| MARK GARROW, *et al.*, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| v. ) | |
| ) | |
| CELINA MOORE BARTON, ) | |
| ) | |
| Third-Party Defendant. ) | |

**THIRD-PARTY DEFENDANT CELINA MOORE BARTON'S
MOTION TO DISMISS**

Third-party defendant Celina Moore Barton ("Third-Party Defendant" or "Ms. Barton"), by counsel, and for her response to third-party plaintiffs/defendants Mark & Gail Garrow's ("Third-Party Plaintiffs" or the "Garrows") Third-Party Complaint, moves this Court to dismiss the Third-Party Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Third-Party Defendant states the following in support of her Motion:

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Thomas G. Shirk filed the Complaint in this matter on February 16, 2007. Third-Party Plaintiffs filed their Answer and Counterclaim, and Third-Party Complaint against Third-Party Defendant, on April 23, 2007. Third-Party Plaintiffs are represented by counsel.

Third-Party Defendant waived service of the Summons and Third-Party Complaint upon her, and accepted service via mail. A pleading responsive to the Third-Party Complaint is due June 25, 2007.

The Third-Party Complaint is 7 (seven) paragraphs total, and it does not set forth any theory of recovery or any facts upon which liability could be based. It alleges where Third-Party Plaintiffs and Third-Party Defendant reside, that jurisdiction and venue are proper, that Plaintiff Mr. Shirk has brought an action in this Court, and that Third-Party Defendant was a real estate broker who represented Third-Party Plaintiffs as their real estate agent. The Third-Party Complaint then merely states:

> While the Garrows deny that they have any liability to Shirk, in the event it is determined that the Garrows are liable to Shirk, *the Garrows allege and aver that Celina Moore Barton is liable for all of Shirk's claims against the Garrows based upon statutory, contractual or common law contribution and/or indemnity.*

Third-Party Complaint at ¶ 7 (emphasis added).

The language quoted above merely states a conclusion and does not assert a valid claim against Third-Party Defendant.

## ARGUMENT

A plaintiff's obligation to plead the grounds for his entitlement to relief under Rule 8(c) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, No. 05-1126, slip op. at 8 (U.S. May 21, 2007) (citation omitted). In this matter, Third-Party Plaintiffs supplied only a label or conclusion, and failed entirely to plead any facts showing an entitlement to relief. The instant pleading does not even contain a formulaic recitation of the elements of a cause of action.

It is clear that the "plain statement" required by Rule 8(c) must possess enough factual detail or "heft" to show that the pleader is entitled to relief. Id. at 10. Third Party Plaintiffs have utterly failed to satisfy this standard.

When a complaint does not raise a claim of entitlement to relief "'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court'" Id. at 11 (citations omitted).

For these reasons the Third Party Complaint fails to meet the pleading requirements of Rule 8(c), and should be dismissed at this time for failure to state a valid claim.

WHEREFORE, Third-Party Defendant prays that this Court enter an order dismissing the Third-Party Complaint with prejudice.

Respectfully submitted,

/s/ Robert C. Gill
_____
Robert C. Gill, DC Bar No. 413163
Shannon H. Bates, DC Bar No. 480186
SAUL EWING LLP
2600 Virginia Avenue, NW
Suite 1000 – The Watergate
Washington, DC  20037
202-295-6600 Tel.
202-295-6700 Fax
E-mail: rgill@saul.com
E-mail: sbates@saul.com

*Counsel for Third-Party Defendant Celina Moore Barton*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that, on this 25th day of June, 2007, a true and correct copy of the foregoing was served via ECF notice, and first-class postage prepaid U.S. mail, upon:

Daniel J. Kraftson, Esq.
Brad C. Friend, Esq.
Kraftson & Caudle LLC
1600 Tysons Boulevard, Suite 250
McLean, Virginia 22102
dkraftson@kraftsoncaudle.com & bfriend@kraftsoncaudle.com

Eric M. Rome
Eisen & Rome, PC
One Thomas Circle, NW
Suite 850
Washington, D.C. 20005
eric@eisenrome.com

                                                    /s/ Robert C. Gill
                                           _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THOMAS G. SHIRK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:07-CV-00356-RMU |
| v. | ) | |
| | ) | |
| MARK GARROW, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CELINA MOORE BARTON, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## ORDER

This matter is before the Court on the motion of Third-party defendant Celina Moore Barton to dismiss the Third-Party Complaint against her for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Upon consideration of the motion, the opposition, and the record herein;

It appearing that good cause exists to grant the motion, it is on this ___ day of July, 2007

ORDERED that the motion be, and it hereby is, granted; it is

FURTHER ORDERED that the Third-Party Complaint is hereby dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE