**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THOMAS G. SHIRK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:07-CV-00356-RMU** |
| ) | **Judge: Richard M. Urbina** |
| **MARK GARROW, et al.** ) | |
| ) | |
| **Defendants/Third-Party Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **CELINA MOORE BARTON,** ) | |
| ) | |
| **Third-Party Defendant.** ) | |
| ) | |

**THIRD-PARTY PLAINTIFFS' OPPOSITION TO BARTON'S MOTION TO DISMISS**
**AND MEMORANDUM IN SUPPORT THEREOF**

COME NOW Defendants/Third-Party Plaintiffs, Mark Garrow and Gail Garrow

("Garrows"), by counsel, and hereby submit their Opposition to Third-Party Defendant Celina

Moore Barton's ("Ms. Barton") Motion to Dismiss and Memorandum in Support thereof, and

state as follows:

**BACKGROUND**

In his Complaint filed with this Court, the Plaintiff Thomas G. Shirk requests declaratory

relief and damages against the Garrows for an alleged breach of a real estate sales contract

between Plaintiff and the Garrows (the "Alleged Contract"). *See* Plaintiff's Complaint, ¶s 4, 5 &

6. The Garrows and Ms. Barton entered into an agreement whereby Ms. Barton would act as the

real estate agent for the Garrows, as buyers, in connection with the Alleged Contract.

1

Ms. Barton agreed to represent and did in fact represent the Garrows, as buyers, with respect to the negotiation of the terms of the alleged real estate contract.  Ms. Barton prepared and provided the Garrows with disclosure and other real estate forms confirming this representation.  *See* Exhibit A attached hereto and incorporated by reference herein.  Some of Ms. Barton's duties as a real estate agent are identified under the "Types of Real Estate Representation" found on page 1 of Exhibit A, which Ms. Barton provided to the Garrows.

The Garrows have filed a Third-Party Complaint against Ms. Barton alleging that, in the event it is determined that the Garrows are liable to Plaintiff, Ms. Barton is liable for all of the Plaintiff's claims against the Garrows based upon statutory, contractual or common law contribution and/or indemnity.  The Plaintiff's Complaint and the factual allegations contained therein were incorporated by reference into the Garrows' Third-Party Complaint against Ms. Barton.  *See* Garrows' Third-Party Complaint, ¶ 5.

In response to the Garrows' Third-Party Complaint, Ms. Barton has filed a Motion to Dismiss ("Motion") alleging therein that the Garrows' Third-Party Complaint should be dismissed solely on the basis that the Garrows "failed entirely to plead any facts showing an entitlement to relief."  *See* Ms. Barton's Motion, p. 2.  Ms. Barton's Motion does not dispute the following factual allegations contained in the Garrows' Third-Party Complaint and, therefore, acknowledges for purposes of her Motion that said Third-Party Complaint sets forth a valid cause of action:

(1)  Ms. Barton resides in the District of Columbia;

(2)  This Court has subject matter jurisdiction over the third-party action;

(3)  This Court is an appropriate venue for the third-party action;

(4)  That Ms. Barton has accepted and been served with process by mail;

00014312/3 1099-002

(5)  That the factual allegations of the Plaintiff's Complaint were incorporated by reference into the Garrows' Third-Party Complaint against Ms. Barton; and

(6)  That Ms. Barton was a licensed real estate broker in Virginia and the District of Columbia and that Ms. Barton agreed to represent the Garrows as their real estate agent in the transaction that is the subject of this action.[1]

### ARGUMENT

The Garrows' Third-Party Complaint against Ms. Barton does plead sufficient facts showing an entitlement to relief.  The Garrows' Third-Party Complaint asserts a claim of contribution/indemnity arising out of the Plaintiff's Complaint.  The pleading requirements under the Federal Rules of Civil Procedure are not restrictive.  "Under the Federal Rules, the purpose of pleading is simply to 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests,' not to state in detail the facts underlying a complaint."  *Atchinson v. District of Columbia*, 73 F.3d 418, 421 (D.C. Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Rule 8 of the Federal Rules of Civil Procedure sets forth the following:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . .
>
> \*\*\*
>
> Each averment of a pleading shall be simple, concise, and direct.  No technical forms of pleading or motions are required.

FED. R. CIV. P. 8(a) and (e).

In accordance with the Federal Rules of Civil Procedure, the Garrows' Third-Party Complaint against Ms. Barton is simple and concise.  All of the alleged facts of Plaintiff's Complaint are part of the Garrows' Third-Party Complaint against Ms. Barton because Plaintiff's

---

[1]    For purposes of a Motion to Dismiss under Rule 12(b)(6), a plaintiff's factual allegations contained in the Complaint are accepted as true.  *See Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996).

3

Complaint is incorporated by reference into the Garrows' Third-Party Complaint. *See* Garrows'

Third-Party Complaint, ¶ 5. The Garrows' Third Party Complaint further alleges that the

Garrows and Ms. Barton entered into an agreement in which Ms. Barton acted as the Garrows'

real estate agent in connection with the Alleged Contract. *See* Garrows' Third-Party Complaint,

¶ 6. These factual allegations give Ms. Barton fair notice of what the Garrows' claim is. The

Garrows' claim is simply based upon the legal concept that if the Garrows are liable to the

Plaintiff, then Ms. Barton, the Garrows' real estate agent who negotiated the Alleged Contract, is

liable to the Garrows.

Under the 'notice pleading' standard, the factual allegations contained in the Garrows'

Complaint are sufficient in showing an entitlement to relief pursuant to statutory, contractual or

common law contribution and/or indemnity. "The Federal Rules establish a regime in which

'simplified' pleadings provide notice of the nature of claims, allowing parties later 'to disclose

more precisely the basis of both claim and defense and to define more narrowly the disputed

facts and issues' through 'the liberal opportunity for discovery and other pretrial procedures

established by the rules.'" *Atchinson*, 73 F.3d at 421 (citing *Conley v. Gibson*, 355 U.S. at 47-

48). Ms. Barton will have the opportunity through the discovery process to define the disputed

facts of the Garrows' Third-Party Complaint.

The Garrows Third-Party Complaint here complies with Form 22-A appended to the

Federal Rules of Civil Procedure by Rule 84 for a third-party complaint. A true copy of Form

22-A is attached hereto as Exhibit B for the convenience of the Court. The legal grounds upon

which the Garrows are entitled to relief are specified in ¶ 7 of the Garrows' Third-Party

Complaint. The factual allegations related to the third-party complaint are contained in

Plaintiff's Complaint, which are not disputed by Ms. Barton, and contained in Paragraphs 1

00014312/3 1099-002

through 6 of the Garrows Third-Party Complaint. All of these factual allegations are not objected to by Ms. Barton, and therefore, are admitted for purposes of her motion.

Moreover, Ms. Barton's involvement with the subject matter of this action is clear. *See* Exhibit A. As the Garrows' real estate agent in the transaction that is the subject of this action, Ms. Barton was responsible, among other things, to negotiate, complete and implement the Alleged Contract in the best interest of the Garrows, to perform the terms of their contractual agreement, to obtain a sales price and terms acceptable to the Garrows, to communicate in a timely manner with the Garrows, and to disclose all material facts related to the property and the transaction.

Ms. Barton agrees in her motion that she represented the Garrows as their licensed real estate broker, and she does not dispute in her Motion that she had these responsibilities to the Garrows. Ms. Barton did in fact agree to represent the Garrows with respect to the Alleged Contract. She negotiated and represented the Garrows with respect to the Alleged Contract. The factual allegations contained in Plaintiff's Complaint and the Third-Party Complaint are deemed admitted for purposes of Ms. Barton's Motion. As a result, the Garrows' Third-Party Complaint is sufficient and proper under the Federal Rules of Civil Procedure.

In addition, the decision of *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) is not applicable to the Garrows' Third-Party Complaint here in that the *Bell Atlantic* decision involved a Sherman Act antitrust conspiracy violation under Federal statutes with specified requirements, not a third-party state law claim of contribution/indemnity specifically authorized by Rule 14 of the Federal Rules of Civil Procedure. The *Bell Atlantic* decision further does not address the pleading requirements of a third-party complaint, which incorporates the allegations of the plaintiff's complaint to which the third-party defendant does not object. Such

00014312/3 1099-002

third-party complaints are provided for in Rule 14 and their proper form is authorized by Form

22-A incorporated by Rule 84 and appended to the Federal Rules of Civil Procedure. *See*

Exhibit B hereto. Accordingly, based upon the liberal 'notice pleading' standard of the Federal

Rules of Civil Procedures and the foregoing, the Garrows have pled sufficient facts in their

Third-Party Complaint against Ms. Barton to show an entitlement to relief.

Finally, even if the Court were to find that the Garrows' Third-Party Complaint does not

allege facts showing an entitlement to relief, dismissal of the said Third-Party Complaint is not

appropriate. Rather, the Court should grant the Garrows leave to amend their Third-Party

Complaint. Pursuant to the Federal Rules of Civil Procedure, leave to amend shall be freely

given when justice so requires. FED. R. CIV. P. 15(a).

**WHEREFORE**, Defendants/Third-Party Plaintiffs Mark Garrow and Gail Garrow

respectfully request that this Court overrule Third-Party Defendant Celina Moore Barton's

Motion to Dismiss and require the Third-Party Defendant to file her Answer to the Third-Party

Complaint, and request such other and further relief as the Court deems just and equitable.

Defendants/Third-Party Plaintiffs request leave to amend their Third-Party Complaint if the court

finds that the Defendants/Third-Party Plaintiff's failed to allege sufficient facts showing an

entitlement to relief.

## POINTS AND AUTHORITIES

1.  FED. R. CIV. P. 8.
2.  *Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996).
3.  *Conley v. Gibson*, 355 U.S. 41 (1957).
4.  FED. R. CIV. P. 15(a).

00014312/3 1099-002

Respectfully submitted,

**MARK GARROW**
**GAIL GARROW**


Dated: July 5, 2007              By:    _/s/ Brad C. Friend_____
                                         Daniel J. Kraftson (DC Bar No. 948034)
                                         Lowell H. Patterson, III (DC Bar No. 462008)
                                         Brad C. Friend (DC Bar No. 490430)
                                         KRAFTSON CAUDLE LLC
                                         1600 Tysons Boulevard
                                         Suite 250
                                         McLean, Virginia  22102
                                         (703) 873-5500 (telephone)
                                         (703) 873-5519 (facsimile)

                                         *Counsel for the Defendants/Third-Party Plaintiffs*


## REQUEST FOR HEARING

Pursuant to LCvR 7(f), the Defendants/Third-Party Plaintiffs hereby request a hearing on Third-Party Defendant's Motion to Dismiss and Third-Party Plaintiffs Opposition thereto.


                                          _/s/ Brad C. Friend_____
                                          Brad C. Friend

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July, 2007, a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to Robert C. Gill, Esq. & Shannon H. Bates, Esq., Saul Ewing LLP, 2600 Virginia Avenue, NW, Suite 1000-The Watergate, Washington, DC 20037, Counsel for Third-Party Defendant Celina Moore Barton, and to Eric M. Rome, Eisen & Rome, P.C., One Thomas Circle, N.W., Suite 850, Washington, D.C. 20005, Counsel for Plaintiff Thomas G. Shirk.


  /s/ Brad C. Friend_____
  Brad C. Friend

00014312/3 1099-002

29. NOTICES. All notices ("Notice") required to be given by this Contract will be in writing and will be effective as of the date on which such Notice is Delivered:

A. Addressed to the Seller at: 2016 R Street NW Washington DC 20009 OR transmitted by facsimile to (202) 333 9396

B. Addressed to the Purchaser at: 2722 Linda Marie Drive OR transmitted by facsimile to (303) 758 8733 cell 703 518 8314

30. MISCELLANEOUS. This Contract may be signed in one or more counterparts, each of which is deemed to be an original, and all of which together constitute one and the same instrument. Documents obtained via facsimile machines will also be considered as originals. Typewritten or handwritten provisions included in this Contract will control all pre-printed provisions that are in conflict.

31. VOID CONTRACT. If this Contract becomes void, both parties will immediately execute a release directing that the Deposit be refunded in full to the Purchaser according to the terms of the DEPOSIT paragraph.

32. ADDITIONS. The appropriate JURISDICTIONAL ADDENDUM and LEAD BASED PAINT ADDENDA (if applicable) must be attached and made a part of this Contract. The following are made a part of this Contract:

☑Yes   STATE JURISDICTIONAL ADDENDUM ☑DC ☐VA ☐MD ☐WVA   ☐Other_____

☐Yes ☑No   HOME INSPECTION CONTINGENCY                      ☑Yes ☐No   LEAD - BASED PAINT DISCLOSURE FORM

☐Yes ☑No   RADON TESTING CONTINGENCY                        ☐Yes ☑No   LEAD - BASED PAINT INSPECTION CONTINGENCY

☐Yes ☑No   SALE OF HOME CONTINGENCY                          ☐Yes ☑No   FHA HOME INSPECTION NOTICE

☐Yes ☑No   CONDO/COOP ADDENDUM (DC and MD)

☐Yes ☑No   HOME WARRANTY POLICY paid for by: ☐Purchaser or ☐Seller,
Cost not to exceed $_____. Warranty provider to be_____

☐Yes ☐No   OTHER (specify): _____

33. OTHER TERMS _____

34. ENTIRE AGREEMENT. This Contract will be binding upon the parties, and each of their respective heirs, executors, administrators, successors and permitted assigns. The provisions hereof will survive the delivery of the deed and will not be merged therein. This Contract, unless amended in writing, contains the final and entire agreement of the parties and the parties will not be bound by any terms, conditions, oral statements, warranties or representations not herein contained. The interpretation of this Contract will be governed by the laws of the appropriate jurisdiction.

SELLER:                                              PURCHASER:

_____ (SEAL)                                         4/29/04 _____ (SEAL)
Date    Signature                                    Date    Signature

_____ (SEAL)                                         4/29/04 _____ (SEAL)
Date    Signature                                    Date    Signature

Date of Ratification (see DEFINITIONS PARAGRAPH) 7:46 PM April 29th 2004

For information purposes only:

Listing Company's Name and Address:                  Selling Company's Name and Address:

(202) 333 1212
Office # (202) 295-2384   FAX # (2) 333 9396         Office # 703 518 8300   FAX # 703 518 8314

MRIS Broker Code:_____ MRIS Office ID# Tutt 2        MRIS Broker Code: C80554 MRIS Office ID# C8E6 54

Agent Name Alex Venditti & Paul Pike                Agent Name Celina Barton

Agent MRIS ID# _____                                 Agent MRIS ID# 77628

Agent Email Address _____                            Agent Email Address Celina@mris.com

©2002 This is a suggested form owned by certain REALTOR® Associations ("Associations"). This form has been created and prepared exclusively for the use of REALTORS® or members of the Associations, with any entry or otherwise reproduce this form in identical form with the deletion of their company logo and with any other changes being set forth in a clearly marked separate addendum. Any other use of this form by REALTORS® or members of Associations, or any use of this form whatsoever by non-members of Associations, is prohibited without the written authorized consent of the Associations.

Regional Sales Contract - 9/99 K1265 KLE        Page 5 of 5

EXHIBIT

A

## Coldwell Banker Pardoe

## USEFUL INFORMATION ABOUT REAL ESTATE TRANSACTIONS

REALTORS® are real estate licensees who, as members of the National Association of REALTORS as well as the state and local Associations of REALTORS®, have pledged to the public and to each other that they will adhere to a strict code of ethics and high standards of professionalism, integrity and competence. REALTORS® are providing you with this information in order to assist you in making informed decisions when purchasing, selling or optioning real estate.

SERVICES. Regardless of whom they represent, REALTORS® can provide a variety of information and assistance to all parties in a real estate transaction. For example, REALTORS® can assist customers by performing ministerial acts such as supplying information about available properties and sources of financing, describing and showing properties, assisting in preparing and submitting purchase offers or counteroffers, or providing information about settlement procedures. REALTORS® acting as standard agents are required by Virginia law and by their Code of Ethics to treat all parties honestly and not knowingly give them false information, promptly present all written offers and counteroffers, disclose any adverse material facts actually known to them concerning the physical condition of a property, and offer properties without regard to race, color, religion, sex, handicap, familial status, elderliness or national origin, as well as any other classes protected by the Commonwealth of Virginia and applicable local jurisdiction.

LEGAL REQUIREMENTS. Virginia law requires that in order to be enforceable, all contracts for real property must be in writing. There is a recommended contract form that can be shown to you and that may be modified in any way to accommodate the needs of the parties. You have the opportunity to consult legal counsel concerning the contract as well as any other questions you may have about the various laws concerning real estate transfers that are referenced in the suggested contract form.

FINANCING AND INSURANCE. Mortgage rates and associated charges vary with financial institutions and the marketplace. Purchasers have the opportunity to select the lender and to negotiate terms and conditions of the loan. Such terms may be subject to seller's approval and lender's requirements. The lender will require purchasers to buy a hazard insurance policy from the insurance company of their choice, subject to the lender's approval. Borrowers also will be required to obtain a lender's title insurance policy. Purchasers may wish to obtain owner's title insurance coverage and may consult an attorney concerning this choice.

MASTER PLANS. Prior to execution of a contract, purchasers may review the applicable Master Plan for the appropriate jurisdiction, including maps showing planned land use and proposed or actual parks, roads, or other facilities. These can be found at the planning offices of various jurisdictions and at some local libraries.

PROPERTY CONDITION AND ENVIRONMENTAL MATTERS. Various inspection services and home warranty insurance programs are available, and purchasers have the option to include in their offer to purchase a contingency that allows them to employ one or more experts of their choice at their expense to inspect the property and provide them with an analysis of its condition. Purchasers normally may also conduct a pre-settlement or pre-occupancy "walk-through" inspection of the property, but this inspection may be limited by the terms of the contract. REALTORS® do not have the expertise to advise concerning various conditions including but not limited to: major systems or structures; soil conditions; flood hazard areas; possible restrictions on the use of the property due to restrictive covenants, zoning, subdivision or environmental laws, easements or other documents; airport or aircraft noise; planned land uses, roads or highways; including but not limited to construction materials and/or hazardous materials such as flame retardant treated plywood (FRT), radon, urea formaldehyde insulation (UFFI), polybutylene pipes, asbestos, synthetic stucco/EIFS, underground storage tanks or lead-based paint. Information about these issues may be obtained from appropriate governmental agencies such as the United States Environmental Protection Agency (EPA), the Virginia Department of Health, or local planning offices or health departments.

RESPONSIBILITY. Each party to a real estate transaction should carefully read all documents to be sure that the terms accurately express the understanding of the parties as to their intentions and the agreements they have reached. REALTORS® can counsel on real estate matters, but if legal or tax advice is desired, you should consult an attorney or a financial professional. If you have any questions about the roles and responsibilities of REALTORS® or about any other material presented here, please do not hesitate to ask for more information. You should also exercise whatever due diligence you deem necessary with respect to information on any sexual offenders registered under Chapter 23 (§19.2 - 387 et seq.) of Title 19.2. Such information may be obtained by contacting your local police department or the Department of State Police, Central Criminal Records Exchange, at 804-674-2000 or www.state.va.us/vsp/vsp.html.

## TYPES OF REAL ESTATE REPRESENTATION

In an individual real estate transaction, if a brokerage firm ("Broker") has a contractual obligation to represent a buyer or a seller ("Client"), then the Broker shall promote the interest of the Client by:
(a) performing the terms of their contractual agreement;
(b) obtaining a transaction at a price and terms acceptable to the Client;
(c) presenting in a timely manner all written offer or counteroffers to and from the Client;
(d) disclosing to the Client all material facts related to the property or concerning the transaction of which they have actual knowledge;
(e) accounting for in a timely manner all money and property received in which the Client has or may have an interest.

Unless otherwise provided by law or the Client consents in writing to the release of information, the Broker shall maintain the confidentiality of all personal and financial information and other matters identified as confidential by the Client, if that information is received from the Client during the brokerage relationship.

In satisfying these duties, the Broker shall exercise ordinary care, comply with all applicable laws and regulations, treat all prospective buyers and sellers honestly and not knowingly give false information, and the Broker representing a buyer shall disclose whether or not the buyer's intent is to occupy the property as a principal residence. In addition, the Broker may show the same property to different buyer clients, represent sellers as well as buyers, or provide assistance to a seller or a buyer who is not a client by performing ministerial acts that are not inconsistent with the Broker's duties to the Client.

*Seller representation* occurs when sellers contract to use the services of their own broker (known as a seller representative) to act on their behalf.
*Buyer representation* occurs when buyers contract to use the services of their own broker (known as a buyer representative) to act on their behalf.
*Dual representation* occurs when a buyer and seller in one transaction are represented by the same Broker and the same Sales Associate. When the parties agree to dual representation, the ability of the Broker and the Sales Associate to represent either party fully and exclusively is limited. The confidentiality of all information of all clients shall be maintained as above.
*Designated representation* occurs when a buyer and seller in one transaction are represented by different Sales Associates affiliated with the same Broker. Each of these Sales Associates, known as a Designated Representative, represents fully the interests of a different client in the same transaction. Designated Representatives are not dual representatives if each represents only the buyer or only the seller in a specific real estate transaction. Except for disclosure of confidential information to the Broker, each Designated Representative is bound by the confidentiality requirements as above. The Broker remains a dual representative.

| 4/6/04 | _[signature]_ | 4/8/04 | _[signature]_ |
| Date | Signature | Date | Signature |

© 2000 Northern Virginia Association of REALTORS®, Inc.

This is a suggested form of the Northern Virginia Association of REALTORS®, Inc. ("NVAR"). This form has been exclusively printed for the use of REALTOR® and Non-Resident members of NVAR, who may copy or otherwise reproduce this form in identical form with the addition of their company logo. Any other use of this form by REALTOR® and Non-Resident members of NVAR, or any use of this form whatsoever by non-members of NVAR is prohibited without the prior written consent of NVAR. Notwithstanding the above, no REALTOR® or Non-Resident member of NVAR, or any other person, may copy or otherwise reproduce this form for purposes of resale.

NVAR - 1205 - 3/99

Computer generated using AutoContract™ v4.21 software, from AutoRealty Products, Inc. 1060 W. Pipeline, Suite 101, Hurst, TX 76053. (800) 322-1175
This installation of AutoContract™ is licensed for use to Pardoe Real Estate, and is not transferable. Use by others is a violation of federal copyright law under Title 17 U.S.C. §101

H. Unlisted
printed 03-04-2003

Coldwell Banker Residential Brokerage

# DISCLOSURE OF BROKERAGE RELATIONSHIP

*THIS IS NOT A CONTRACT; IT DOES NOT CREATE AN OBLIGATION*

In connection with this transaction, whether purchase, sale, lease or option,
the client of the Broker/Firm is: *(check one)*

☐ Seller                              ☒ Buyer

☐ Lessor (Landlord)                   ☐ Lessee (Tenant)

☐ Optionor                            ☐ Optionee

The duties of real estate licensees in Virginia are set forth in Section 54.1-2120 et seq. of the Code of Virginia and in the regulations of the Virginia Real Estate Board. You should be aware that in addition to the information contained in this disclosure pertaining to brokerage relationships, there may be other information relative to the transaction which may be obtained from other sources. Each party should carefully read all documents to assure that the terms accurately express his or her understanding and intent. Licensees can counsel on real estate matters, but if legal or tax advice is desired, you should consult an attorney or a financial professional.

| 4/6/04 | _(signature)_ | Date | Name |
| Date | Name | | |
| 4/6/04 | _(signature)_ | Date | Name |
| Date | Name | | |
| Coldwell Bunker Pardoe | | Celina Moore Barton | |
| Brokerage Firm | | Sales Associate | |

© 2000 Northern Virginia Association of REALTORS®, Inc.

This is a suggested form of the Northern Virginia Association of REALTORS®, Inc. ("NVAR"). This form has been exclusively printed for the use of REALTOR® and Non-Resident members of NVAR, who may copy or otherwise reproduce this form in identical form with the addition of their company logo. Any other use of this form by REALTOR® and Non-Resident members of NVAR, or any use of this form whatsoever by non-members of NVAR is prohibited without the prior written consent of NVAR. Notwithstanding the above, no REALTOR® or Non-Resident member of NVAR, or any other person, may copy or otherwise reproduce this form for purposes of resale.



REALTOR

NVAR - 1207 - 10/95



Computer generated using AutoContract™ v4 21 software, from AutoRealty Products, Inc., 1050 W. Pipeline, Suite 101, Hurst, TX 76053, (800) 322-1178

HAUnited

# COLDWELL BANKER PARDOE

## BUYERS TRANSACTION FEE
### (Sub-Agent Relationship)

Due to steadily increasing costs necessary to process sales and protect purchasers in the home buying transaction, such as fair housing, lead paint, agency and property disclosure a transaction processing fee of $195.00 will be collected from purchasers at the time of settlement on the purchased property.

Purchasers who use VA/FHA financing are exempt from paying the processing fee per government regulations.

_____    _____
Purchaser Name (Signature)                    Date  4/6/04

Mark Garrow
_____
Print Name

_____    _____
Purchaser Name (Signature)                    Date  4/6/04

GAIL A. GARROW
_____
Print Name

_____    _____
Sub-Agent's Name (Signature)                  Date  4/6/04

Celina Barton
_____
Print Name

APPENDIX OF FORMS                                              Form 22–A

Note

The above form contains examples of certain defenses provided for in Rule 12(b). The first defense challenges the legal sufficiency of the complaint. It is a substitute for a general demurrer or a motion to dismiss.

The second defense embodies the old plea in abatement; the decision thereon, however, may well provide under Rules 19 and 21 for the citing in of the party rather than an abatement of the action.

The third defense is an answer on the merits.

The fourth defense is one of the affirmative defenses provided for in Rule 8(c).

The answer also includes a counterclaim and a cross-claim.

### ADVISORY COMMITTEE NOTES

#### 1946 Amendment

The explanatory note incorporates revisions made by the Advisory Committee at the same time amendments to certain rules of the Federal Rules of Civil Procedure were made. See also Rule 12(b) as amended.

### Form 21.  Answer to Complaint Set Forth in Form 8, With Counterclaim for Interpleader

#### Defense

Defendant admits the allegations stated in paragraph 1 of the complaint; and denies the allegations stated in paragraph 2 to the extent set forth in the counterclaim herein.

#### Counterclaim for Interpleader

1.  Defendant received the sum of _____ dollars as a deposit from E. F.

2.  Plaintiff has demanded the payment of such deposit to him by virtue of an assignment of it which he claims to have received from E. F.

3.  E. F. has notified the defendant that he claims such deposit, that the purported assignment is not valid, and that he holds the defendant responsible for the deposit.

· Wherefore defendant demands:

(1) That the court order E. F. to be made a party defendant to respond to the complaint and to this counterclaim.[1]

(2) That the court order the plaintiff and E. F. to interplead their respective claims.

(3) That the court adjudge whether the plaintiff or E. F. is entitled to the sum of money.

(4) That the court discharge defendant from all liability in the premises except to the person it shall adjudge entitled to the sum of money.

(5) That the court award to the defendant its costs and attorney's fees.

(As amended Jan. 21, 1963, eff. July 1, 1963.)

[1] Rule 13(h) provides for the court ordering parties to a counter-claim, but who are not parties to the original action, to be brought in as defendants.

### ADVISORY COMMITTEE NOTES

#### 1963 Amendment

This form was amended in 1963 by deleting the stated dollar amount and substituting a blank, to be properly filled in by the pleader. See Note of Advisory Committee under Form 3.

[Form 22.  Eliminated, eff. July 1, 1963]

#### HISTORICAL NOTES

Codifications

Form 22 for motion to bring in third-party defendant, setting out as an exhibit summons and third-party complaint, and for notice of motion, was superseded by Forms 22–A and 22–B, setting out summons and complaint against third-party defendant, and motion to bring in third-party defendant, effective July 1, 1963. See Advisory Committee notes under Forms 22–A and 22–B.

### Form 22–A.  Summons and Complaint Against Third-Party Defendant

United States District Court for the Southern District of New York

Civil Action, File Number ____

| | | |
|---|---|---|
| A. B., Plaintiff | ) | |
| v. | ) | |
| C. D., Defendant and | ) | |
| Third–Party Plaintiff | ) | *Summons* |
| v. | ) | |
| E. F., Third-Party Defendant | ) | |

*To the above-named Third-Party Defendant:*

You are hereby summoned and required to serve upon _____, plaintiff's attorney whose address is _____, and upon _____, who is attorney for C. D., defendant and third-party plaintiff, and whose address is _____, an answer to the third-party complaint which is herewith served upon you within 20 days after the service of this summons upon you exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the third-party complaint. There is also served upon you herewith a copy of the complaint of the plaintiff which you may but are not required to answer.

_____,
*Clerk of Court.*

[Seal of District Court]

Dated _____

EXHIBIT
β

## Form 22–A                    RULES OF CIVIL PROCEDURE

United States District Court for the
Southern District of New York

Civil Action, File Number ___

A. B., Plaintiff                     )
       *v.*                     )
C. D., Defendant and                 )
Third-Party Plaintiff                )     *Third-Party Complaint*
       *v.*                     )
E. F., Third-Party Defendant )

1. Plaintiff A. B. has filed against defendant C. D. a complaint, a copy of which is hereto attached as "Exhibit A."

2. (Here state the grounds upon which C. D. is entitled to recover from E. F., all or part of what A. B. may recover from C. D. The statement should be framed as in an original complaint.)

Wherefore C. D. demands judgment against third-party defendant E. F. for all sums[1] that may be adjudged against defendant C. D. in favor of plaintiff A. B.

Signed: _____
*Attorney for C. D.,*
*Third-Party Plaintiff*
Address: _____

(Added Jan. 21, 1963, eff. July 1, 1963.)

[1] Make appropriate change where C. D. is entitled to only partial recovery-over against E. F.

### ADVISORY COMMITTEE NOTES

#### 1963 Adoption

Under the amendment of Rule 14(a), a defendant who files a third-party complaint not later than 10 days after serving his original answer need not obtain leave of court to bring in the third-party defendant by service under Rule 4. Form 22–A is intended for use in these cases.

The changes in the form of summons reflect an earlier amendment of Rule 14(a), effective in 1948, making it permissive, rather than mandatory, for the third-party defendant to answer the plaintiff's complaint. See *Cooper v. D/S A/S Progress*, 188 F.Supp. 578 (E.D.Pa.1960); 1A Barron & Holtzoff, *Federal Practice & Procedure* 696 (Wright ed. 1960).

Under the amendment of Rule 5(a) requiring, with certain exceptions, that papers be served upon all the parties to the action, the third-party defendant, even if he makes no answer to the plaintiff's complaint, is obliged to serve upon the plaintiff a copy of his answer to the third-party complaint. Similarly, the defendant is obliged to serve upon the plaintiff a copy of the summons and complaint against the third-party defendant.

### Form 22–B. Motion to Bring in Third-Party Defendant

Defendant moves for leave, as third-party plaintiff, to cause to be served upon E. F. a summons and third-party complaint, copies of which are hereto attached as Exhibit X.

Signed: _____,
*Attorney for Defendant C. D.*
Address: _____

### Notice of Motion

(Contents the same as in Form 19. The notice should be addressed to all parties to the action.)

### Exhibit X

(Contents the same as in Form 22–A.)

(Added Jan. 21, 1963, eff. July 1, 1963.)

### ADVISORY COMMITTEE NOTES

#### 1963 Adoption

Form 22–B is intended for use when, under amended Rule 14(a), leave of court is required to bring in a third-party defendant.

### Form 23.  Motion to Intervene as a Defendant Under Rule 24

(Based upon the complaint, Form 16)

United States District Court for the
Southern District of New York

Civil Action, File Number ___

A. B., plaintiff                )
     *v.*                )  *Motion to intervene*
               )  *as a defendant*
C. D., defendant            )
E. F., applicant            )
for intervention            )

E. F. moves for leave to intervene as a defendant in this action, in order to assert the defenses set forth in his proposed answer, of which a copy is hereto attached, on the ground that he is the manufacturer and vendor to the defendant, as well as to others, of the articles alleged in the complaint to be an infringement of plaintiff's patent, and as such has a defense to plaintiff's claim presenting both questions of law and of fact which are common to the main action.[1]

Signed: _____,
*Attorney for E. F.,*
*Applicant for Intervention.*
Address: _____

### Notice of Motion

(Contents the same as in Form 19)

United States District Court for the
Southern District of New York

Civil Action, File Number ___

A. B., plaintiff        )
     *v.*            )     *Intervener's Answer*
C. D., defendant   )
E. F., intervener  )

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THOMAS G. SHIRK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:07-CV-00356-RMU** |
| ) | **Judge: Richard M. Urbina** |
| **MARK GARROW, et al.** ) | |
| ) | |
| **Defendants/Third-Party Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **CELINA MOORE BARTON,** ) | |
| ) | |
| **Third-Party Defendant.** ) | |
| ) | |

**ORDER**

UPON CONSIDERATION of Third-Party Defendant Celina Moore Barton's ("Ms. Barton") Motion to Dismiss the Third-Party Complaint filed by the Defendants/Third-Party Plaintiffs Mark Garrow and Gail Garrow ("Garrows") against Ms. Barton pursuant to Rule 12(b)(6), the Garrows' Opposition thereto, and argument of counsel, it is hereby

ORDERED, ADJUDGED AND DECREED that said Motion to Dismiss be, and hereby is, DENIED, and it is further

ORDERED, ADJUDGED AND DECREED that Ms. Barton be, and hereby is, required to file an Answer to the Garrows' Third-Party Complaint within ten (10) days of entry of this Order.

ENTERED this _____ day of _____, 2007.

1

00014320/ 1099-002

_____
Judge Richard M. Urbina


Copies to:


Eric M. Rome, Esquire
Eisen & Rome, P.C.
One Thomas Circle, N.W.
Suite 850
Washington, D.C. 20005
*Counsel for Plaintiff Thomas G. Shirk.*

Daniel J. Kraftson, Esquire
KRAFTSON CAUDLE LLC
1600 Tysons Boulevard
Suite 250
McLean, Virginia  22102
*Counsel for the Defendants/Third-Party Plaintiffs*

Robert C. Gill, Esquire
Saul Ewing LLP
2600 Virginia Avenue, NW
Suite 1000-The Watergate
Washington, DC 20037
*Counsel for Third-Party Defendant Celina Moore Barton*


2

00014320/ 1099-002