IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS G. SHIRK, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| MARK GARROW, *et al.*, ) | Case No. 1:07-CV-00356-RMU |
| ) | |
| Defendants, ) | |
| v. ) | |
| ) | |
| CELINA MOORE BARTON, ) | |
| ) | |
| Third-Party Defendant. ) | |

**THIRD-PARTY DEFENDANT CELINA MOORE BARTON'S
REPLY IN FURTHER SUPPORT OF HER MOTION TO DISMISS**

Third-party defendant Celina Moore Barton ("Third-Party Defendant" or "Ms. Barton"), by counsel, submits the following reply in further support of her motion to dismiss third-party plaintiffs/defendants Mark & Gail Garrow's ("Third-Party Plaintiffs" or the "Garrows") Third-Party Complaint.

**ARGUMENT**

Third-Party Plaintiffs allege in their Opposition that Ms. Barton is "on notice" of what Third–Party Plaintiffs claim, because as the real estate agent who represented them in the transaction at issue, if Third-Party Plaintiffs are liable, then Ms. Barton must somehow be liable to them. Opposition at p. 4. In making this leap, Third-Party Plaintiffs make utterly no effort to explain factually what conduct allegedly makes Ms. Barton automatically liable to Third-Party Plaintiffs for their breach of contract, and do not even attempt to select a theory of liability, instead choosing to cover the proverbial waterfront with "statutory, contractual or common law contribution and/or indemnity."

Third-Party Plaintiffs contend that they are relieved of the obligation to plead a cause of action showing that they are entitled to relief because the pleading at issue is a third-party complaint. For support, Third-Party Plaintiffs rely on Form 22-A. However, even Form 22-A requires that the pleader state the grounds upon which a defendant is entitled to recover against a third-party defendant. Form 22-A expressly notes that the statement should be framed as in an original complaint. Third-Party Plaintiffs, in contrast, assert conclusions, not grounds.

For these reasons the Third Party Complaint fails to meet the pleading requirements of Rule 8(c), and should be dismissed at this time for failure to state a valid claim.

WHEREFORE, Third-Party Defendant prays that this Court enter an order dismissing the Third-Party Complaint with prejudice.

Respectfully submitted,

/s/ Robert C. Gill
_____
Robert C. Gill, DC Bar No. 413163
Shannon H. Bates, DC Bar No. 480186
SAUL EWING LLP
2600 Virginia Avenue, NW
Suite 1000 – The Watergate
Washington, DC  20037
202-295-6600 Tel.
202-295-6700 Fax
E-mail: rgill@saul.com
E-mail: sbates@saul.com

*Counsel for Third-Party Defendant Celina Moore Barton*

-3-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 9th day of July, 2007, a true and correct copy of the foregoing was served via ECF notice, and first-class postage prepaid U.S. mail, upon:

Daniel J. Kraftson, Esq.
Brad C. Friend, Esq.
Kraftson & Caudle LLC
1600 Tysons Boulevard, Suite 250
McLean, Virginia 22102
dkraftson@kraftsoncaudle.com & bfriend@kraftsoncaudle.com

Eric M. Rome
Eisen & Rome, PC
One Thomas Circle, NW
Suite 850
Washington, D.C. 20005
eric@eisenrome.com

/s/ Robert C. Gill
_____