UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS G. SHIRK,<br><br>    Plaintiff,<br><br>v.<br><br>MARK GARROW, et al.<br><br>    Defendants.<br>_____<br>MARK GARROW, et al.<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>CELINA MOORE BARTON,<br><br>    Third-Party Defendant. | Case No. 1:07-CV-00356-RMU |

**PARTIES' JOINT REPORT FOR INITIAL SCHEDULING CONFERENCE**

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, and Rules 16.1 and 16.3 of the Local Rules of this Court, counsel for Plaintiff Thomas Shirk ("Shirk"), counsel for Defendants/Third-Party Plaintiffs Mark and Gail Garrow ("Garrows"), and counsel for Third-Party Defendant Celine Moore Barton ("Barton") have conferred and hereby jointly submit the following report to the Court in advance of the Initial Scheduling Conference in the above-captioned matter:

I.  **Brief Statement of the Case**

Shirk, as seller, and the Garrows, as purchasers, entered into a contract for the sale of the property generally known as 2016 R Street NW, Washington, D.C. ("Property"). Barton was the Garrows' real estate agent relating to the sales contract for the Property. The Garrows deposited $125,000 as earnest money for the purchase of the Property. Shirk and the Garrows did not close on the Property. Shirk sold and conveyed the Property to another purchaser. Shirk has filed a Complaint for declaratory judgment against the Garrows in the current action alleging damages in an amount of at least $635,000. The Garrows have filed an Answer denying any liability to Shirk. The Garrows filed a Counterclaim against Shirk alleging breach of contract damages in the amount of $125,000. The Garrows filed a Third-Party Complaint against Barton alleging that if they are held to be liable to Shirk, then they are entitled to indemnity from Barton. Barton has filed a Motion to Dismiss the Garrows' Third-Party Complaint which is currently pending before the Court.

II. **Statutory Basis for All Causes of Action and Defenses**

Shirk's Complaint, the Garrows' Counterclaim and Third-Party Complaint are brought pursuant to 28 U.S.C. §§ 1332. No other statutory bases have, at present, been cited for the parties' causes of action and/or defenses.

### III. Topics Listed in LCvR 16.3(c)

#### (1) Dispositive Motion

Barton has filed a Motion to Dismiss the Garrows' Third-Party Complaint which is still pending at this time. While Barton's Motion to Dismiss is still pending, it is nearly impossible for the parties to accurately predict the time necessary to complete this matter. Accordingly, the parties request that a Scheduling Order not be entered at least until Barton's Motion to Dismiss is decided. The parties' anticipate the possibility of other dispositive motions which may dispose of some or all aspects of this case.

#### (2) Joining Additional Parties and Amending Pleadings

The parties anticipate the possibility that some or all of the factual and legal issues in this case may be able to be agreed upon or narrowed. . If the Court does not accept the parties' request that a Scheduling Order not be entered at this time, then the parties recommend setting October 19, 2007 as the deadline to add parties and amend pleadings.

#### (3) Magistrate Judge

The parties oppose the assigning of this case to a magistrate judge for all purposes.

#### (4) Possibility of Settling Case

The parties anticipate that there is a significant possibility of settling this case and intend to pursue settlement. The parties have discussed holding a mediation (with a mediator selected by the parties) prior to engaging in any significant discovery because they are desirous of settling the case prior to incurring substantial attorneys' fees and litigation costs.

#### (5) ADR

The parties have discussed mediation and have conceptually agreed that they intend to mediate. However, the details and timing of this have not been agreed upon at this date. To this

end, the parties plan to confer in the near future in an attempt to reach an agreement to mediate the parties' disputes prior to commencing discovery. The parties' believe that the there is a significant possibility that this case can be settled. As such, the parties request that a Scheduling Order not be entered until the parties have had the opportunity to pursue mediation.

**(6)   Dispositive Motions II**

The parties anticipate the possibility of dispositive motions which may dispose of some or all aspects of this case. If the Court does not accept the parties' request that a Scheduling Order not be entered at this time, then the parties recommend setting April 9, 2008 as the deadline for filing dispositive motions and May 9, 2008 as the deadline for decisions upon such motions.

**(7)   Initial Disclosures**

The parties request that the initial disclosures required by FRCP 26(a)(1) be delayed until Barton's Motion to Dismiss is decided.

**(8)   Discovery**

. If the Court does not accept the parties' request that a Scheduling Order not be entered at this time, then the parties recommend the discovery deadlines listed below.

**(9)   Expert Witnesses**

. If the Court does not accept the parties' request that a Scheduling Order not be entered at this time, then the parties recommend the below schedule for the exchange of witness reports and information pursuant to FRCP 26(a)(2).

**(10)  Class Actions**

This item is inapplicable to instant action.

**(11)  Bifurcation**

The parties do not have any proposals for bifurcation of discovery and/or the trial.

### (12) Pre-Trial Conference Date

. If the Court does not accept the parties' request that a Scheduling Order not be entered at this time, then the parties recommend setting May 28, 2008, as the date for the pre-trial conference.

### (13) Trial Date

The parties agree that the trial date should be set at the pre-trial conference.

### (14) Other Matters

The parties have no other matters to recommend for inclusion in a scheduling order.

## IV.  Proposed Schedule

As noted, the parties request that a Scheduling Order not be entered until Barton's Motion to Dismiss is decided and the parties have had an opportunity to mediate. The parties intend to confer again in the near future in an attempt to reach an agreement to mediate the parties' disputes. In the event that the Court does not accept the parties' requests in this regard, and for purposes of complying with LCvR 16.3, the parties have agreed to the following proposed schedule:

| Event | Date/Deadline |
|---|---|
| Deadline to add parties and amend pleadings | October 19, 2007 |
| Exchange witness lists | November 2, 2007 |
| Deadline for service of written discovery requests | December 3, 2007 |
| Proponent's R. 26(a)(2) statements | January 11, 2008 |
| Opponent's R. 26(a)(2) statements | February 8, 2008 |
| All discovery closed | March 9, 2008 |
| Deadline for dispositive motions | April 9, 2008 |
| Deadline for decisions on dispositive motions | May 9, 2008 |
| Pre-Trial Conference | May 28, 2008 |
| Deadline for motions in limine | (30 days before trial) |

00014581/3 1099-002

Respectfully submitted,

/s/ Eric M. Rome
Eric M. Rome (DC Bar No. 367241)
Eisen & Rome, P.C.
One Thomas Circle, N.W.
Suite 850
Washington, D.C. 20005
(202) 659-2822x4
*Counsel for Plaintiff Thomas G. Shirk*


/s/ Brad C. Friend
Daniel J. Kraftson (DC Bar No. 948034)
Lowell H. Patterson, III (DC Bar No. 462008)
Brad C. Friend (DC Bar No. 490430)
KRAFTSON CAUDLE LLC
1600 Tysons Boulevard, Suite 250
McLean, Virginia 22102
(703) 873-5500 (telephone)
(703) 873-5519 (facsimile)
*Counsel for the Defendants/Third-Party Plaintiffs*


/s/ Robert C. Gill
Robert C. Gill (DC Bar No. 413163)
Shannon H. Bates (DC Bar No. 480186)
SAUL EWING LLP
2600 Virginia Avenue, NW
Suite 1000 – The Watergate
(202) 295-6600 (telephone)
(202) 295-6700 (facsimile)
*Counsel for the Third-Party Defendant*