### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

THOMAS G. SHIRK,                          :
                                          :
        Plaintiff,             :        Civil Action No.:    07-0356 (RMU)
                                          :
        v.                     :        Document No.:        10
                                          :
MARK GARROW, *et al.,*                    :
                                          :
        Defendants/             :
        Third-Party Plaintiffs, :
                                          :
        v.                     :
                                          :
CELINA MOORE BARTON,                      :
                                          :
        Third-Party Defendant.  :

### MEMORANDUM OPINION

#### GRANTING THE THIRD-PARTY DEFENDANT'S MOTION TO DISMISS THE COMPLAINT WITHOUT PREJUDICE

### I.    INTRODUCTION

This action stems from a failed property sale. The defendants, Mark and Gail Garrows, entered into a contract with the plaintiff, Thomas G. Shirk, to purchase his property. The plaintiff alleges that the defendants failed to appear for the scheduled settlement, and he brings suit to recover losses resulting from the defendants' breach of contract. The defendants, and now the third-party plaintiffs ("the Garrows"), filed a third-party complaint naming Celina Moore Barton as a third-party defendant. Barton acted as the Garrows' licensed real estate broker, and she agreed to represent them in the sales contract for the property. Barton now moves the court to dismiss the third-party complaint, arguing that the Garrows fail to set forth a short and plain statement showing that they are entitled to relief, as required by Federal Rule of Civil Procedure

8[1] ("Rule 8").  The Garrows respond that the third-party complaint incorporates by reference the factual allegations contained in the complaint.  According to the Garrows, this more than satisfies the pleading requirements of Rule 8.  The court disagrees and concludes that the third-party complaint does not sufficiently outline the legal basis for the Garrows' claims against Barton.  Accordingly, the court grants Barton's motion to dismiss and dismisses the complaint without prejudice.

## II.    BACKGROUND

### A.    Factual History

The plaintiff and the Garrows entered into a contract by which the Garrows would purchase the plaintiff's property for $2,495,000.  Parties' Joint Status Report for Initial Scheduling Conf. ("Joint Report") at 2; Compl. ¶ 5.  Barton served as the Garrows' real estate agent for the sales contract.  Joint Report at 2.  Although the Garrows deposited $125,000 in earnest money for the purchase of the property, the parties never closed on the property.  *Id*.  The plaintiff subsequently sold the property to another purchaser for a lower price[2] than that agreed upon with the Garrows.  *Id*.  The Garrows' earnest money remains in escrow.  Compl. ¶ 10.

---

[1]     Barton invokes Federal Rule of Civil Procedure 8(c) and asserts that "[i]t is clear that the 'plain statement' required by Rule 8(c) must possess enough factual detail or 'heft' to show that the pleader is entitled to relief."  Barton's Mot. to Dismiss at 2.  She sites *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955 (2007), for this proposition.  Rule 8(c), however, governs the pleading of affirmative defenses, and the requirement for a "short and plain statement" is outlined in Rule 8(a).  In fact, *Twombly* specifically references Rule 8(a)(2).  The court, therefore, presumes that Barton seeks to invoke Rule 8(a).

[2]     The Complaint reflects that the plaintiff sold the property for a purchase price of $2,050.00.  Compl. ¶ 11.  Based on the price the Garrows contracted to pay, as well as the amount the plaintiff claims in damages, the court infers that this is a typographical error and that the actual sales price was $2,050,000.00.

### B.     Procedural History

On February 16, 2007, the plaintiff filed suit seeking declaratory judgment against the Garrows for their breach of the sales contract, claiming $635,250.00 in actual damages and requesting attorneys' costs and fees. Compl. at 3. On April 23, 2007, the Garrows answered the complaint by setting forth a number of affirmative defenses and counterclaiming for the return of their earnest money deposit. *See generally* Defs.' Answer, Affirmative Defenses and Counterclaim ("Defs.' Ans."). That same day, the Garrows filed a third-party complaint naming Barton as the third-party defendant. In the third-party complaint, the Garrows incorporate by reference the plaintiff's complaint and assert that Barton is liable for all of the plaintiff's claims against the Garrows. Third-Party Compl. ¶¶ 5-7. Stated differently, the Garrows are suing Barton for indemnity and contribution in the event that Shirk succeeds in his claims against the Garrows.

On June 25, 2007, Barton filed a motion to dismiss the third-party complaint, alleging that the Garrows failed to state a claim upon which relief can be granted. Third-Party Def. Barton's Motion to Dismiss Third-Party Compl. ("Barton's Mot.") at 1. Specifically, Barton argues that the Garrows failed to satisfy Rule 8 because they offer merely conclusory allegations as to Barton's liability. *Id*. at 2. The Garrows oppose Barton's motion because the third-party complaint incorporates by reference Shirk's complaint which, to the Garrows, renders the third-party complaint more than sufficient for the purposes of Rule 8. Third-Party Pls.' Opp'n to Barton's Mot. to Dismiss ("Garrows' Opp'n").

3

### III.    ANALYSIS

#### A.    Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, the plaintiff must allege a "plausible entitlement to relief," by setting forth "any set of facts consistent with the allegations." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1967, 1969 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56 and instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"). While these facts must "possess enough heft to 'sho[w] that the pleader is entitled to relief,'" a complaint "does not need detailed factual allegations." *Id.* at 1964, 1966. In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all

reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

### B.    Legal Standard Under Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8 sets forth the general rules of pleading. FED. R. CIV. P. 8. Under Rule 8(a), a complaint must contain "a short, plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a). In addition, Rule 8(e) requires that "each averment of a pleading . . . be simple, concise, and direct." FED. R. CIV. P. 8(e).

The purpose of pleading is to give an adverse party fair notice of the claim so as to permit the party the opportunity to "file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Prows v. Dep't of Justice*, 1991 WL 111459, at *1 (D.D.C. June 13, 1991) (citing *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)). The court or opposing party must be able "to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

### C.    The Court Grants Barton's Motion to Dismiss Without Prejudice

Barton argues that the third-party complaint sets forth no valid claim because it offers nothing more than "a label or conclusion" and lacks even a "formulaic recitation of the elements of a cause of action." Barton's Mot. at 2. Accordingly, Barton concludes that the third-party complaint must fail in light of Rule 8's requirement that the complaint "possess enough factual

detail or 'heft' to show that the pleader is entitled to relief." *Id*. The Garrows counter that the third-party complaint incorporates by reference the factual allegations contained in the complaint and, therefore, satisfies the purpose of Rule 8 in that it gives Barton fair notice of the Garrows' claims against her. Garrows' Opp'n at 4. The third-party complaint is, indeed, deficient as to the legal basis for Barton's liability.

The references to Barton in the third-party complaint are as follows: (1) "Barton is a resident of the District of Columbia," Third-Party Compl. ¶ 2; (2) "[Barton] was a licensed real estate broker in Virginia and the District of Columbia [and] agreed to represent the Garrows as their real estate agent related to the sales contract for the Property," *id*. ¶ 6; (3) "Barton is liable for all of Shirk's claims against the Garrows based upon statutory, contractual or common law contribution and/or indemnity," *id*. ¶ 7; and (4) "[the Garrows] demand judgment in their favor against [Barton] on all claims and damages by Thomas G. Shirk . . .," *id*. at 3. In short, the allegations in the third-party complaint merely state that Barton served as the Garrows' representative in the transaction at issue and that the Garrows believe she is liable for any damages assessed to them. The third-party complaint articulates no specific claim or allegations against Barton, merely asserting a legal conclusion as to Barton's liability. Therefore, Barton is correct that the third-party complaint standing alone is insufficient to satisfy the requirements of Rule 8. *Vicom*, 20 F.3d at 775.

But, the third-party complaint incorporates by reference the original complaint filed by Shirk. Third-Party Comp. ¶ 5. Accordingly, the court looks to the third-party complaint and the original complaint to determine whether the Garrows have satisfied the requirements of Rule 8. *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997) (stating that in

6

deciding a Rule 12(b)(6) motion to dismiss, the court may consider documents incorporated by reference in the complaint); FED. R. CIV. P. 10(c) (permitting statements in pleadings to be adopted by reference in another pleading or an any motion).  The original complaint provides some factual background of the alleged conduct of the Garrows in breaching their contract with the plaintiff, although it makes no reference to Barton.  *See e.g.* Compl. ¶¶ 4-10.  In incorporating the factual allegations of the complaint, the Garrows argue that their "claim is simply based upon the legal concept that if the Garrows are liable to the Plaintiff, then Ms. Barton, the Garrows' real estate agent who negotiated the Alleged Contract, is liable to the Garrows."  Garrows' Opp'n at 4.

The Garrows need not outline detailed factual allegations in their complaint to survive a Rule 12(b)(6) motion to dismiss.  *Conley*, 355 U.S. at 48.  But "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*,[3] 127 S. Ct. at 1964-65 (internal citations omitted).  A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley*, 355 U.S. at 47.  The Garrows' charges against Barton are merely that she served as their licensed real estate broker and that she is liable to them for any damages awarded to Shirk.  Third-Party Compl. ¶¶ 6-7.  The

---

[3]     The Garrows dispute that *Twombly* is applicable to this case because that "decision involved a Sherman Act antitrust conspiracy violation under Federal statutes with specified requirements." Defs.'/Third-Party Pls.' Opp'n to Barton's Mot. to Dismiss ("Garrows' Opp'n") at 5.  This court does not take such a restrictive view of *Twombly*, and neither have its sister courts.  *See, e.g.*, *Dorsey v. Am. Express Co.*, 2007 WL 2319093, at *1 (D.D.C. Aug. 2, 2007) (referring to the "old" standard of *Conley v. Gibson*, 355 U.S. at 45-46 and applying *Twombly* to a case involving allegations of breach contract and fiduciary duty); *Robinson v. District of Columbia*, 2007 WL 2257326, at *3 (D.D.C. Aug. 2, 2007) (applying *Twombly* to a case involving alleged violations of the Individuals with Disabilities Education Improvement Act); *Abarca ex rel. C.A. v. District of Columbia*, 2007 WL 1794101, at *2 (D.D.C. June 19, 2007) (same).

Garrows fail to identify any statutory or common law basis for Barton's liability or to otherwise outline the elements of their cause of action against Barton.  Contrary to the Garrows' assertion, therefore, the allegations of the third-party complaint and the original complaint fail to give Barton adequate notice of the legal basis for the claims against her, and the court dismisses the complaint without prejudice.  *Gibson-Michaels v. Bair*, 2007 WL 1307905, at *2 (D.D.C. May 3, 2007) (stating that dismissal is appropriate when a complaint contains "vague and conclusory accusations and no specific facts regarding alleged wrongdoing [and] does not allow a defendant to frame a defense").

## IV.    CONCLUSION

For the foregoing reasons, the court grants Barton's motion to dismiss and dismisses the complaint without prejudice.  An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 6th day of September, 2007.

RICARDO M. URBINA
United States District Judge